Filed 11/22/23  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081450 |
| v. | (Super.Ct.No. FWV023670) |
| LATASHA DIANE WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Dismissed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On July 18, 2003, a jury found defendant and appellant Latasha Diane Williams guilty of three counts of attempted voluntary manslaughter (Pen. Code, §§ 664, 192, subd. (a), counts 1-3),[1] three counts of assault with a firearm (§ 245, subd. (a)(2), counts 4-6), and three counts of discharging a firearm at another person from a motor vehicle (§ 12034, subd. (c)), counts 7-9). The jury additionally found true allegations that defendant personally used a firearm in all counts (§ 12022.5, subd. (a)(1)); personally and intentionally discharged a firearm in counts 1 through 3 (§ 12022.53, subd. (c)); personally inflicted great bodily injury in counts 1, 2, 4, and 5 (§ 12022.7, subd. (a)); and personally and intentionally discharged a firearm causing great bodily injury in counts 7 and 8 (§ 12022.53, subd. (d)). The court sentenced defendant to a term of imprisonment of 61 years eight months to life. (*Williams*, *supra*, E037477.)

On January 20, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.[2] At a prima facie hearing on May 26, 2023, the trial court denied the petition.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we independently review the record for error, and identifying one

---

[1] All further statutory references will be to the Penal Code.

We take judicial notice of our prior opinion from defendant's appeal from the original judgment. (*People v. Williams.* (Aug. 9, 2006, E037477) [nonpub. opn.].)

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

potentially arguable issue: whether the court erred in determining that defendant was not eligible for relief.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if she did not do so, we could dismiss the appeal; nevertheless, she has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:

CODRINGTON_____
J.

RAPHAEL_____
J.

3